UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHICAGO TITLE INSURANCE
COMPANY,

    Plaintiff,

v.

BSC GROUP, INC., and
BSC COMPANIES, INC.,
f/k/a The BSC Group, Inc.,

    Defendants.

Civil Action No. 05 10046 GAO

MAGISTRATE JUDGE Collings

RECEIPT # _____
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK CMG
DATE 1-7-05

## COMPLAINT

Chicago Title Insurance Company ("Chicago Title"), on its own behalf and as subrogee and assignee of UBS Principal Finance LLC, I-Park Grove Willow LLC and I-Park West Seyon LLC (collectively, "UBS"), brings this complaint against BSC Group, Inc. and BSC Companies, Inc. (formerly known as The BSC Group, Inc.) (together, "BSC") to recover damages resulting from BSC's negligent surveys of a property insured by Chicago Title.

### Parties

1. Plaintiff Chicago Title is a Missouri corporation that has its principal place of business in Chicago, Illinois. Chicago Title is in the business of providing title insurance to property owners and financial institutions.

2. Defendants BSC Group, Inc. and BSC Companies, Inc. are Massachusetts corporations that have their principal places of business in Boston, Massachusetts. BSC is in the business of providing professional surveys.

## Jurisdiction and Venue

3.  This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1332, as Chicago Title and BSC are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as BSC resides in this district; a substantial part of the events or omissions giving rise to Chicago Title's claims occurred in this district; and the property that is the subject of this action is in this district.

## Factual Background

5.  Prior to 1999, Raytheon Company ("Raytheon") had acquired various parcels of land in the vicinity of Willow, Grove, Seyon and Farwell Streets and Foundry Avenue in Waltham, Massachusetts, and Pleasant Street in Watertown, Massachusetts (the "Raytheon Property"). The Raytheon Property straddles the Waltham/Watertown town line.

6.  Between 1999 and 2001, in the regular course of its business, BSC was commissioned to prepare several surveys of the Raytheon Property, and BSC did prepare several surveys (the "BSC Surveys"). On information and belief, BSC knew that the BSC Surveys were to be used in connection with the sale and/or financing of the Raytheon Property.

7.  BSC prepared a survey titled "ALTA/ACSM Land Title Survey in Waltham/Watertown, Massachusetts (Middlesex County) Raytheon Company" dated August 9, 1999, revised October 18, 1999, December 26, 1999, and December 28, 1999 (the "BSC 1999 Survey"). A copy of the BSC 1999 Survey is attached as Exhibit A hereto.

8.  BSC prepared a survey titled "ALTA/ACSM Land Title Survey, Waltham/Watertown, 47 Foundry Street, 190 Willow Street, 20 & 28 Seyon Street, 36 River Street, in Waltham/ Watertown, Massachusetts (Middlesex County)," dated August 9, 1999,

revised October 18, 1999, December 26, 1999, December 28, 1999 and updated November 6, 2000 (the "BSC 2000 Survey"). A copy of the BSC 2000 Survey is attached as Exhibit B hereto.

9. BSC prepared a survey titled "Plan of Land in Waltham/Watertown, Massachusetts (Middlesex County) Raytheon Company," dated December 27, 1999, which was recorded with the Middlesex Registry of Deeds as Plan No. 1497 of 1999 (the "BSC Recorded Survey"). A copy of the BSC Recorded Survey is attached as Exhibit C hereto.

10. BSC prepared a survey titled "Plan of Land in Waltham, Massachusetts (Middlesex County) West of Seyon Street," dated February 5, 2001 (the "BSC West of Seyon Survey"). A copy of the BSC West of Seyon Survey is attached as Exhibit D hereto.

11. BSC prepared a survey titled "Plan of Land in Waltham/Watertown, Massachusetts (Middlesex County) East of Seyon Street," dated February 5, 2001 (the "BSC East of Seyon Survey"). A copy of the BSC East of Seyon Survey is attached as Exhibit E hereto.

12. In 1999, BSC certified the BSC 1999 Survey to Chicago Title.

13. In 2000 and 2001, BSC certified the BSC 2000 Survey, the BSC West of Seyon Survey, and the BSC East of Seyon Survey to UBS Principal Finance and Chicago Title.

14. BSC's certifications stated, among other things, that the surveys "correctly show[] (i) the facts found at the time of the survey, (ii) the location of all buildings, structures and other improvements situated on the above premises, [and] (iii) the course and measured distances of the exterior property lines of the premises and any setbacks or easements located on or affecting the said premises."

15. BSC inaccurately determined the property lines of the Raytheon Property, inaccurately plotted portions of the metes and bounds descriptions on the BSC Surveys,

~BOST1:316092.v1

inaccurately plotted the location of buildings and improvements on the Raytheon Property, and failed to show the true facts relating to the Raytheon Property at the time of its surveys, all causing its certifications to UBS Principal Finance and Chicago Title to be false.

16. The BSC Surveys formed the basis for the description of a property (the "Deeded Property") that is not the Raytheon Property but which nevertheless appeared in (a) a deed by which Raytheon (intending to convey the Raytheon Property) conveyed the Deeded Property to Grove Willow LLC; (b) a mortgage from Grove Willow LLC (intending to mortgage the Raytheon Property) to Lehman Brothers Holdings Inc., granting a security interest in the Deeded Property; (c) "Schedule A" of a policy of title insurance issued by Chicago Title to Lehman Brothers Holdings Inc. insuring that mortgage (the "Lehman Brothers Policy"); (d) a deed by which Grove Willow LLC (intending to convey a portion of the Raytheon Property) subsequently conveyed a portion of the Deeded Property to West Seyon LLC; (e) mortgages from Grove Willow LLC and West Seyon LLC (each intending to mortgage parcels comprising the Raytheon Property) to UBS Principal Finance, granting a security interest in the Deeded Property; and (f) "Schedule A" of two policies (the "UBS Policies") of title insurance issued by Chicago Title to UBS Principal Finance insuring those mortgages. The UBS Policies are Nos. 2051-25376, dated December 19, 2000, in the original amount of $44,250,000, as amended; and 2151-25005, dated March 2, 2001, in the original amount of $16,750,000, as amended. Stewart Title Guaranty Company issued co-insurance endorsements in connection with the UBS Policies.

17. The UBS Policies insured that, subject to their terms, conditions and stipulations, UBS Principal Finance held a first lien of record on the Deeded Property as it purportedly had been conveyed to Grove Willow LLC and West Seyon LLC. The Deeded Property comprised

Lot A (Parcels 1, 3, 4, 5, 6, 7, 8, 9, 10, 16 and 17), Lot B (Parcel 2), Lot C (Parcels 11, 12, 13, 14 and 15), and Lot D (Parcel 18), as more particularly described in Schedule "A" of the UBS Policies.

18. BSC provided its certifications of the BSC Surveys knowing that UBS Principal Finance would rely upon them in attempting to perfect a security interest in the Raytheon Property and its structures.

19. In 2000 and in 2001, UBS Principal Finance relied upon BSC's certifications of the BSC Surveys in lending funds to Grove Willow LLC and West Seyon LLC, and in attempting to perfect a security interest in the Raytheon Property and its structures.

20. BSC provided its certifications of the BSC Surveys knowing that Chicago Title would rely upon them in issuing the Lehman Brothers and UBS Policies.

21. In 2000 and in 2001, Chicago Title relied upon BSC's certifications of the BSC Surveys in issuing the Lehman Brothers and UBS Policies.

22. BSC failed to exercise reasonable care and competence in preparing the BSC Surveys.

23. BSC failed to exercise reasonable care and competence in certifying the BSC Surveys to UBS Principal Finance and Chicago Title.

24. BSC did not prepare the BSC Surveys in accordance with the standards applicable to an ALTA/ACSM survey and other applicable standards, including, but not limited to, 250 C.M.R. 6.00 et seq.

25. Before 2002, UBS and Chicago Title were unaware that the BSC Surveys were inaccurate, or that BSC's 1999, 2000 and 2001 certifications of the BSC Surveys were false.

26. In February 2003, UBS Principal Finance assigned its interests in the Deeded Property to two special purpose entities, I-Park Grove Willow LLC (assignee of the interests in Lot C) and I-Park West Seyon LLC (assignee of the interests in Lots A, B and D), which then foreclosed on their respective liens. At February 2003 foreclosure auctions, I-Park Grove Willow LLC and I-Park West Seyon LLC purchased the lots in which they had held security interests; they continue to hold record ownership of the fee title.

27. In early 2003, UBS learned that the BSC Surveys contained errors.

28. In March 2003, UBS asserted claims against Chicago Title and Stewart Title under the UBS Policies (the "UBS Claims").

29. UBS concluded that it did not hold title to certain portions of the Deeded Property insured by the UBS Policies, inasmuch as title to those portions was held by abutting property owners. UBS also concluded that the BSC Surveys inaccurately portrayed the location of buildings on the Raytheon Property and that errors in the surveys had (a) caused the mislocation of a ground-water treatment system; (b) adversely affected the marketability of the Deeded Property; and (c) required demolition and reconstruction of a portion of a structure on the Deeded Property.

30. UBS originally estimated that it had incurred damages in excess of $4,275,046 on account of the inaccuracies in the BSC Surveys. UBS contended that Stewart Title and Chicago Title were liable to pay UBS in excess of $4,275,046 under the UBS Policies, and that UBS had suffered additional losses, costs and damages on account of the inaccuracies in the BSC Surveys.

31. On April 22, 2004, Chicago Title entered into an agreement with UBS (the "Settlement Agreement") settling Chicago Title's potential liability for the UBS Claims. A redacted copy of the Settlement Agreement is attached as <u>Exhibit F</u> hereto.

32. Pursuant to the Settlement Agreement, Chicago Title has paid UBS in excess of $75,000 with respect to the UBS Claims.

33. Pursuant to the Settlement Agreement, UBS has transferred and assigned to Chicago Title all of its right, title and interest in any and all claims against BSC that relate to the BSC Surveys or the UBS Claims.

## COUNT I
### (Negligent Misrepresentation to Chicago Title)

34. Chicago Title incorporates by reference the allegations set forth in ¶¶ 1-33 above as and for this ¶ 34.

35. BSC is in the business of providing professional land surveys.

36. Chicago Title is in the business of providing title insurance to financial institutions.

37. In the course of its business, BSC supplied false information (namely, its certifications of the BSC Surveys) to Chicago Title for its guidance in issuing the Lehman Brothers and UBS Policies.

38. Chicago Title justifiably relied upon BSC's certifications of the BSC Surveys in issuing the Lehman Brothers and UBS Policies.

39. BSC's false certifications of the BSC Surveys caused Chicago Title to issue the Lehman Brothers and UBS Policies. As a result of issuing the Policies, Chicago Title incurred liability to UBS on account of the UBS Claims, which likewise are a result of BSC's false certifications.

40. BSC failed to exercise the reasonable care or competence of a professional land surveyor in certifying the BSC Surveys to Chicago Title.

41. Chicago Title has suffered damages on account of BSC's false certifications of the BSC Surveys.

## COUNT II
### (Negligence as to Chicago Title)

42. Chicago Title incorporates by reference the allegations set forth in ¶¶ 1-41 above as and for this ¶ 42.

43. BSC owed a duty to Chicago Title to provide an accurate survey of the Raytheon Property, and an accurate certification of that survey, inasmuch as BSC knew, or should have foreseen, that Chicago Title would rely upon the BSC Surveys and BSC's certifications of the BSC Surveys in issuing the Lehman Brothers and UBS Policies.

44. BSC failed to provide an accurate survey of the Raytheon Property, and an accurate certification of that survey, to Chicago Title.

45. BSC's negligent preparation and certification of the BSC Surveys caused Chicago Title to suffer damages.

## COUNT III
### (Professional Malpractice as to Chicago Title)

46. Chicago Title incorporates by reference the allegations set forth in ¶¶ 1-45 above as and for this ¶ 46.

47. BSC failed to prepare the BSC Surveys and certify them to Chicago Title with the ordinary and reasonable skill usually exercised by professional land surveyors.

48. BSC's professional malpractice has caused Chicago Title to suffer damages.

## COUNT IV
### (Violation of c.93A as to Chicago Title)

49. Chicago Title incorporates by reference the allegations set forth in ¶¶ 1-48 above as and for this ¶ 49.

~BOST1:316092.v1

50.  At all times relevant to this Complaint, BSC and Chicago Title were engaged in trade or commerce within the Commonwealth of Massachusetts.

51.  BSC's false certifications to Chicago Title of the BSC Surveys, and its failure to prepare the BSC Surveys in accordance with 250 CMR 6.00 et seq., constitute unfair and deceptive acts and practices within the meaning of M.G.L. c.93A, § 2, and the Attorney General's regulations promulgated pursuant to c.93A.

52.  BSC's unfair and deceptive acts and practices occurred primarily and substantially in the Commonwealth of Massachusetts.

53.  BSC's unfair and deceptive acts and practices caused damage to Chicago Title.

## COUNT V
### (Negligent Misrepresentation to UBS)

54.  Chicago Title incorporates by reference the allegations set forth in ¶¶ 1-53 above as and for this ¶ 54.

55.  UBS Principal Finance is in the business of providing financing to purchasers of real estate.

56.  In the course of its business, BSC supplied false information (namely, its certifications of the BSC Surveys) to UBS Principal Finance for its guidance in providing financing to Grove Willow LLC and West Seyon LLC, and in attempting to perfect a security interest in the Raytheon Property and its structures.

57.  UBS Principal Finance justifiably relied upon BSC's certifications of the BSC Surveys in providing financing first to Grove Willow LLC, and later West Seyon LLC, and in attempting to perfect a security interest in the Raytheon Property and its structures.

58.  BSC's false certifications of the BSC Surveys caused UBS Principal Finance not to perfect a security interest in the Raytheon Property.

~BOST1:316092.v1

59. BSC failed to exercise the reasonable care and competence of a professional land surveyor in certifying the BSC Surveys to UBS Principal Finance.

60. UBS has suffered damages on account of BSC's false certification of the BSC Surveys.

61. As an assignee and subrogee of UBS, Chicago Title is entitled to recover those damages suffered by UBS on account of BSC's false certification of the BSC Surveys.

## COUNT VI
### (Negligence as to UBS)

62. Chicago Title incorporates by reference the allegations set forth in ¶¶ 1-61 above as and for this ¶ 62.

63. BSC owed a duty to UBS Principal Finance to provide an accurate survey of the Raytheon Property, and an accurate certification of that survey, inasmuch as BSC knew, or should have foreseen, that UBS Principal Finance would rely upon the BSC Surveys and BSC's certifications of the BSC Surveys in lending to Grove Willow LLC and West Seyon LLC, and in attempting to perfect a security interest in the Raytheon Property and its structures.

64. BSC failed to provide an accurate survey of the Raytheon Property, and an accurate certification of that survey, to UBS Principal Finance.

65. BSC's negligent preparation and certification of the BSC Surveys caused UBS to suffer damages.

66. As an assignee and subrogee of UBS, Chicago Title is entitled to recover those damages suffered by UBS on account of BSC's negligent preparation and certification of the BSC Surveys.

~BOST1:316092.v1

## COUNT VII
### (Professional Malpractice as to UBS)

67. Chicago Title incorporates by reference the allegations set forth in ¶¶ 1-66 above as and for this ¶ 67.

68. BSC failed to prepare the BSC Surveys and certify them to UBS Principal Finance with the ordinary and reasonable skill usually exercised by professional land surveyors.

69. BSC's professional malpractice has caused UBS to suffer damages.

70. As an assignee and subrogee of UBS, Chicago Title is entitled to recover those damages suffered by UBS on account of BSC's professional malpractice.

## COUNT VIII
### (Violation of c.93A as to UBS)

71. Chicago Title incorporates by reference the allegations set forth in ¶¶ 1-70 above as and for this ¶ 71.

72. At all times relevant to this Complaint, BSC and UBS Principal Finance were engaged in trade or commerce within the Commonwealth of Massachusetts.

73. BSC's false certifications to UBS Principal Finance of the BSC Surveys, and its failure to prepare the BSC Surveys in accordance with 250 CMR 6.00 et seq., constitute unfair and deceptive acts and practices within the meaning of M.G.L. c.93A, § 2, and the Attorney General's regulations promulgated pursuant to c.93A.

74. BSC's unfair and deceptive acts and practices occurred primarily and substantially in the Commonwealth of Massachusetts.

75. BSC's unfair and deceptive acts and practices caused damage to UBS.

76. As an assignee and subrogee of UBS, Chicago Title is entitled to recover those damages suffered by UBS on account of BSC's violations of c.93A.

FOR THESE REASONS, Chicago Title Insurance Company asks this Court to:

A. Enter judgment in its favor, and against BSC Group, Inc. and BSC Companies, Inc., on Chicago Title's Complaint;

B. Award Chicago Title its damages in an amount to be proven at trial, plus its costs and expenses, including attorneys' fees;

C. Award Chicago Title multiple damages, its costs and expenses (including attorneys fees) pursuant to c.93A; and

D. Grant such other and further relief as is just and appropriate.

CHICAGO TITLE INSURANCE COMPANY,

By its attorneys,

*/s/*

E. Randolph Tucker (BBO #503845)
Michael D. Vhay (BBO #566444)
Bruce S. Barnett (BBO # 647666)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: January 7, 2005.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

CHICAGO TITLE INSURANCE COMPANY

## DEFENDANTS

BSC GROUP, INC., and BSC COMPANIES, INC. f/k/a THE BSC GROUP, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Missouri/Illinois**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
E. Randolph Tucker, Michael D. Vhay, Bruce S. Barnett, DLA Piper Rudnick Gray Cary US LLP, One International Place, Boston, MA 02110, (617) 406-6000

ATTORNEYS (IF KNOWN)
Nancy M. Reimer
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

DIVERSITY - 28 U.S.C. 1332
Negligent misrepresentation, negligence, professional malpractice and violation of Massachusetts General Laws Chapter 93A in connection with land surveys.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

Stewart Title Guaranty v. UBS Principal Finance LLC
JUDGE O'Toole    DOCKET NUMBER 04-10783

DATE January 7, 2005

SIGNATURE OF ATTORNEY OF RECORD
Bruce Barnett

**UNITED STATES DISTRICT COURT**

05 10046 GAO

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Chicago Title Insurance Company v. BSC Group, Inc., et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   — I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

   — II. 195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   X III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   — IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   — V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   04-10783-GAO -- Stewart Title Guaranty Co. v. UBS Principal Finance LLC

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? claims herein have been made in the related case as a third-party claim filed January 7, 2005

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Bruce S. Barnett
ADDRESS DLA Piper Rudnick Gray Cary US LLP, One International Place, Boston, MA 02110
TELEPHONE NO. (617) 406-6002

(COVER.SHT-08/90)